

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00517-CR

Trisha Marie **ANTHONY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-8748W
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  May 27, 2015

AFFIRMED; MOTION TO WITHDRAW GRANTED

Trisha Marie Anthony pled no contest to aggravated assault with a deadly weapon-family/dating and received deferred adjudication community supervision for a term of eight years on October 11, 2010.  Two months later, the State filed a motion to adjudicate guilt and revoke her community supervision alleging several violations of the community supervision conditions, including commission of another aggravated assault.  After a hearing, the trial court denied the State's request for adjudication and revocation, and continued Anthony on deferred adjudication community supervision, but modified the conditions of community supervision to include

placement in a Substance Abuse Felony Punishment (SAFP) facility. On September 19, 2012, the State filed a second motion to adjudicate guilt and revoke community supervision alleging several violations. Anthony pled "true" to the allegation of failing to attend a SAFP aftercare program and the court again modified the conditions of her community supervision. The State's third motion to adjudicate guilt and revoke community supervision was filed on March 13, 2014, alleging that Anthony violated multiple conditions of her community supervision. Anthony pled "true" to failing to report for three months in violation of Condition No. 5, and failing to attend and comply with the State Accredited Battering Intervention and Prevention Program in violation of Condition No. 15. After a hearing, the trial court found that Anthony violated Condition Nos. 5 and 15 of her community supervision, adjudicated her guilty, and revoked her community supervision. The court initially sentenced Anthony to five years' imprisonment in the Texas Department of Criminal Justice-Institutional Division, plus a fine of $1,500. Upon granting Anthony's motion to reconsider, the trial court entered an amended judgment reducing her sentence to four years' imprisonment. Anthony now appeals. We affirm the trial court's judgment.

Anthony's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Anthony with a copy of the brief and motion to withdraw, and informed her of her right to review the record and file her own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Anthony did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed. *See id.* Appellate counsel's motion to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Anthony wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

DO NOT PUBLISH